1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA J. GILCHRIST,                              No.  2:14-cv-2040 DAD P

12                   Plaintiff,

13           v.                                         ORDER

14    YOLO COUNTY DISTRICT
      ATTORNEY'S OFFICE et al.,
15
                     Defendants.
16

17          Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

19    1915.  This action was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. §

20    636(b)(1).

21          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

22    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

25    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

26    the appropriate agency to collect the initial partial filing fee from plaintiff's county jail trust

27    account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for

28    monthly payments of twenty percent of the preceding month's income credited to plaintiff's

1  county jail account.  These payments will be forwarded by the appropriate agency to the Clerk of

2  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

3  full.  28 U.S.C. § 1915(b)(2).

4  **SCREENING REQUIREMENT**

5  The court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

7  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

8  that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

10  U.S.C. § 1915A(b)(1) & (2).

11  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

19  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22  However, in order to survive dismissal for failure to state a claim a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

25  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

27  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

28  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as defendants the Yolo County District Attorney's Office, attorney Steven Sabbadini, Yolo County Superior Court Judge Richardson, the Yolo County Superior Court, Deputy District Attorney Matthew De Moura, the Monroe Detention Center, and Yolo County.  In his complaint plaintiff alleges that he has been falsely charged and incarcerated and that the named defendants have tampered with evidence and engaged in a fraudulent prosecution against him on the charge of possession of a firearm by a convicted felon.  As a result of his incarceration, plaintiff alleges that he was raped by two inmates with the assistance of two correctional officers and now suffers from permanent penile

/////

3

1  dysfunction.  Plaintiff also alleges that he has been denied effective assistance of counsel and is

2  being illegally detained.  (Compl. at 1-16.)

3  **DISCUSSION**

4       The allegations in plaintiff's complaint are so vague and conclusory that the court is

5  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

6  complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

7  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

8  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

9  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

10  with at least some degree of particularity overt acts which defendants engaged in that support his

11  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

12  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended

13  complaint.

14       If plaintiff chooses to file an amended complaint, he must allege therein facts

15  demonstrating how the conditions complained of resulted in a deprivation of her federal

16  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

17  amended complaint must also allege in specific terms how each named defendant was involved in

18  the deprivation of plaintiff's rights.  This is because there can be no liability under 42 U.S.C. §

19  1983 unless there is some affirmative link or connection between a defendant's actions and the

20  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

21  (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory

22  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

23  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24       Plaintiff's complaint suffers from a number of additional deficiencies.  As an initial

25  matter, plaintiff is advised that a petition for writ of habeas corpus is the proper mechanism for a

26  prisoner seeking to challenge the fact or duration of his confinement.  See Preiser v. Rodriguez,

27  411 U.S. 475, 484 (1973).  Insofar as plaintiff wishes to challenge the legality of a conviction that

28  has led to his current incarceration he must file a habeas corpus action.  This is a civil rights

4

1   action.  A civil rights action is the proper mechanism for a prisoner seeking to challenge the

2   conditions of his confinement.  See 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir.

3   1991).

4        In his complaint plaintiff has made very serious allegations about being raped by two

5   inmates who were assisted by correctional officers.  However, plaintiff has not named any

6   correctional officers as defendants in this case.  If plaintiff wishes to bring claims against the

7   correctional officers for failing to protect him from serious harm, he may be able to state an

8   Eighth Amendment claim against them.  It is well established that "prison officials have a duty

9   . . . to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511

10  U.S. 825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that

11  criminal offenders pay for their offense against society.'"  Id. at 834.

12       If plaintiff wishes to proceed on a failure to protect claim, he should name the allegedly

13  responsible correctional officers as defendants in any amended complaint he elects to file.  In

14  addition, he must allege facts that, if proven, would establish that subjectively each defendant had

15  a culpable state of mind in allowing or causing the plaintiff's rape to occur.  Farmer, 511 U.S. at

16  834.  A prison official violates the Eighth Amendment "only if he knows that inmates face a

17  substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

18  abate it."  Id. at 847.  Under this standard, a prison official must have a "sufficiently culpable

19  state of mind," one of deliberate indifference to the inmate's health or safety.  Id.

20       Plaintiff has also alleged in his complaint that he did not receive proper medical care after

21  he was assaulted.  Again, plaintiff has not named any medical personnel as defendants in this

22  action.  If plaintiff wishes to bring claims against the medical personnel for failing to provide him

23  with adequate medical care, he may be able to state an Eighth Amendment claim against them.

24  Plaintiff is advised, however, that inadequate medical care does not constitute cruel and unusual

25  punishment cognizable under § 1983 unless the mistreatment rises to the level of "deliberate

26  indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general,

27  deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere

28  with medical treatment, or may be shown by the way in which prison officials provide medical

1    care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

2            If plaintiff wishes to proceed on a claim that he was provided constitutionally inadequate

3    medical care, he should name the medical personnel or officials who allegedly failed to provide

4    him with proper care as defendants in any amended complaint he elects to file.  In addition, he

5    must allege therein facts demonstrating how each named defendant's actions rose to the level of

6    "deliberate indifference."  Plaintiff is advised that mere differences of opinion between a prisoner

7    and prison medical staff as to the proper course of treatment for a medical condition do not give

8    rise to a § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004);

9    Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th

10   Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

11           In addition, before it can be said that a prisoner's civil rights have been abridged, "the

12   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

13   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

14   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Wood v. Housewright, 900

15   F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the

16   particular facts and look for substantial indifference in the individual case, indicating more than

17   mere negligence or isolated occurrences of neglect.").

18           Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S.

19   at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care,

20   however, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell,

21   39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989);

22   Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this

23   regard, "[a] prisoner need not show his harm was substantial; however, such would provide

24   additional support for the inmate's claim that the defendant was deliberately indifferent to his

25   needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

26           Next, the court observes that plaintiff has named Yolo County as a defendant and appears

27   to take issue with unspecified policies at the County's Monroe Detention Center.  Plaintiff is

28   advised that a plaintiff must satisfy four conditions in order to establish municipal liability:  "(1)

1    that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the

2    municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's

3    constitutional right and (4) that the policy is the moving force behind the constitutional violation."

4    Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) (internal quotations omitted).  In

5    any amended complaint plaintiff elects to file, he should identify the policy (or policies) pertinent

6    to his claims.  He must also allege therein facts that show he was raped and/or received

7    inadequate medical care pursuant to the policy and that the policy was the "moving force" or

8    cause of his injury.  Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).

9            Finally, plaintiff has named several individuals as defendants who are entitled to

10   immunity from damages or are not "state actors" for purposes of § 1983.  For example, Yolo

11   County Superior Court Judge Richardson is entitled to absolute immunity from damages under §

12   1983 for acting within the course and scope of judicial duties.  See Pierson v. Ray, 386 U.S. 547,

13   553–54 (1967); Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004)

14   ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official

15   capacities").  Similarly, Deputy District Attorney Matthew DeMoura is entitled to absolute

16   immunity for engaging "in activities 'intimately associated with the judicial phase of the criminal

17   process.'"  Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting Imbler v. Pachtman,

18   424 U.S. 409, 430 (1976)).  See also Ewing v. City of Stockton, 588 F.3d 1218, 1233 (9th Cir.

19   2009); Ashel man v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Prosecutors are

20   absolutely immune for quasi-judicial activities taken within the scope of their authority.").

21   Lastly, plaintiff's defense attorney, Steven Sabbadini, is not a "state actor" for purposes of §

22   1983.  See Miranda v. Clark County, 319 F.3d 465 (9th Ci r.2003) (en banc) (a public defender is

23   not a state actor); Briley v. State of California, 564 F.2d 849, 855 (9th Cir.1977) ("We have

24   repeatedly held that a privately-retained attorney does not act under color of state law for

25   purposes of actions brought under the Civil Rights Act.").  If plaintiff elects to file an amended

26   complaint, he should not name these individuals as defendants in any § 1983 he wishes to attempt

27   to pursue.

28   /////

                                                    7

1    Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

2 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3 complaint be complete in itself without reference to any prior pleading.  This is because, as a

4 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6 longer serves any function in the case.  Therefore, in any amended complaint plaintiff elects to

7 file, as in an original complaint, each claim and the involvement of each defendant must be

8 sufficiently alleged.

9                                    **CONCLUSION**

10    Accordingly, IT IS HEREBY ORDERED that:

11    1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is granted.

12    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee

13 shall be collected and paid in accordance with this court's order to the Sheriff of Yolo County

14 filed concurrently herewith.

15    3.  Plaintiff's complaint is dismissed.

16    4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

17 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19 assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

20 complaint in accordance with this order will result in a recommendation that this action be

21 dismissed without prejudice.

22    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

23 rights action.

24  Dated:  March 27, 2015

25

26                              _____

                                DALE A. DROZD

27                              UNITED STATES MAGISTRATE JUDGE

28  DAD:9
    gilc2040.14

                                        8